**Patrick E. Mahoney**, ISB #5242
**MAHONEY LAW, PLLC**
CAPITOL GATEWAY PLAZA
1211 W. Myrtle Street, Suite 350
Boise, Idaho 83702
Telephone: (208) 345-6364
Facsimile: (208) 342-4657
patrick@patrickmahoneylaw.com

**Jeffrey McKinnie**, ISB #7020
**MCKINNIE LAW OFFICE**
P.O. Box 9469
Boise, Idaho 83707
Phone: (208) 429-0088
Fax: (208) 342-4657
jeffmckinnie@hotmail.com

**Attorneys for the Plaintiff**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| K. M. B., a minor, by and through her parents, KURT BLOXHAM and KELLIE BLOXHAM (husband and wife),<br><br>Plaintiff,<br><br>vs.<br><br>MODERN ICE EQUIPMENT AND SUPPLY COMPANY; and DOES I-X,<br><br>Defendants. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMES NOW**, Plaintiff K.M.B. by and through her parents, Kurt Bloxham and Kelli Bloxham, and by and through her counsel of record, and for her Complaint against the Defendants captioned above, states and alleges as follows:

## JURISDICTION, PARTIES, AND VENUE

1.      At all times mentioned herein, the Plaintiff K.M.B. and her parents, Kurt Bloxham and Kelli Bloxham, were and are residents of Montpelier, Bear Lake County, Idaho.  Plaintiff K.M.B. is a minor; Kurt Bloxham and Kelli Bloxham are her biological parents with whom she resides.

2.      At all times mentioned herein, Defendant Modern Ice Equipment and Supply Company ("Modern Ice"), was and is an Ohio corporation, with its headquarters and principal place of business being in Cincinnati, Ohio.  Defendant Modern Ice is a citizen of Ohio for purposes of 28 U.S.C. §1332(b)(1).  Said Defendant is vicariously liable for any conduct complained of herein done by its agents and/or employees.

3.      Jurisdiction is based on diversity pursuant to 28 U.S.C. §1332(a)(1) as the parties hereto are citizens of different states.  The amount in controversy exceeds $75,000 in accordance with 28 U.S.C. §1332(a).  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims in this case occurred in this judicial district.

4.      Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does I through X, inclusive, and therefore sues those Defendants by such fictitious names.  Plaintiff is informed and believes, and on that basis, alleges

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

that the Defendants sued herein as Does I through X are in some manner legally culpable for the injuries and damages suffered by the Plaintiff.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

## FACTS AND GENERAL ALLEGATIONS

5.    Plaintiff hereby incorporates and realleges each and every paragraph above as if set forth in full herein.

6.    In 2007, the owner of a small, family owned bagged ice making facility in Montpelier, Idaho, "Bear Lake Ice," contacted Modern Ice and explained that Bear Lake Ice needed a larger and more efficient ice bin to use with its ice bagging machine by its employees.  Modern Ice knew that Bear Lake Ice intended to have its employees utilize the ice bin with a certain ice bagging machine which Bear Lake Ice had previously purchased.   The purpose of the ice bin was to transfer ice to the ice bagging machine for bagging, after which the bagged ice was sold to local customers.   Modern Ice knew that the ice bagging machine was highly unsafe unless mated with a very specific type of ice bin that completely sealed off an exposed auger on the ice bagging machine owned by Bear Lake Ice.  Nonetheless, during this timeframe, in late 2007 to early 2008, Modern Ice selected an ice bin, recommended that Bear Lake Ice buy said ice bin, and did sell to Bear Lake Ice an ice bin, for use with the ice bagging machine that did not properly mate with the ice bagging machine as a system and left the ice bagging machine's auger dangerously exposed.

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

7.     During this timeframe, at least one employee or agent of Modern Ice, believed to be one Ron Lindeman, provided the owner of Bear Lake Ice with technical advice and an engineering drawing as to fitting the ice bin into the Bear Lake Ice facility with its ice bagging machine.  That same representative of Modern Ice went so far as to instruct the owner of Bear Lake Ice to fashion a hopper to use on the ice bagging machine that would fit under the ice bin and catch the ice being dispensed from it into the ice bagging machine's auger area.  Again, Modern Ice knew or should have known that using the ice bin with the ice bagger created an unacceptably dangerous situation for users as it exposed the user to an unguarded auger given that the ice bin did not properly mate with the ice bagging machine as a safe system.  Modern Ice did not warn or otherwise disclose to Bear Lake Ice that the ice bin was unsafe to use with the ice bagging machine because it did not properly mate with it.

8.     Subsequently, in 2009, an employee or agent of Modern Ice, believed to be one Wayne Johnson, visited the Bear Lake Ice facility to provide startup services, said startup services having been purchased in conjunction with the sale of the ice bin.  Said employee observed the ice bin being used with the ice bagger in an unmated configuration.  Again, Modern Ice knew or should have known that using the ice bin with the ice bagger created an unacceptably dangerous situation for users as it exposed the user to an unguarded auger on the ice bagging machine. Modern Ice did not warn or otherwise disclose to Bear Lake Ice that the ice bin was unsafe to use with the ice bagging machine because it did not properly mate with it.

9.      In 2010 to 2012, additional employees or agents of Modern Ice believed to be John Louer and Brian Washnock, visited the Bear Lake Ice facility and viewed the subject ice bin in use with the ice bagging machine and its exposed auger.  Said employees observed the ice bin being used with the ice bagger in an unmated configuration.  Again, Modern Ice knew or should have known that using the ice bin with the ice bagger created an unacceptably dangerous situation for users as it exposed the user to an unguarded auger on the ice bagging machine. Modern Ice did not warn or otherwise disclose to Bear Lake Ice that the ice bin was unsafe to use with the ice bagging machine because it did not properly mate with it.

10.     On July 25, 2015, Plaintiff K.M.B., as an employee of Bear Lake Ice, was operating the ice bagging machine, with the ice bin, in the same configuration previously observed by employees of Modern Ice, when her left arm was pulled into the bagger's unguarded auger beneath the unmated ice bin, whereupon her hand and arm were severely injured.  Upon being extricated from the machine, she was life-flighted to Primary Children's Hospital in Salt Lake City, Utah.  Plaintiff K.M.B.'s injuries are described in the hospital records as consisting of, without limitation: transected arteries, nerves, tendons, and muscles of the left arm classified as a partial amputation of the left arm at the proximal left forearm; neurovascular compromise to the left arm; fractures of the left carpus; and complex lacerations to the left hand.  At age 16, she is now left with permanent impairment, numbness and loss of sensory function, loss of range of motion, nerve injury,

weakness, and disfigurement of her left arm.  She continues to receive medical treatment and has undergone various reconstructive surgeries for her injuries.

11.    As a result of the injuries she sustained by Plaintiff K.M.B., substantial medical bills have been incurred and will continue to be incurred in the future.  Plaintiff K.M.B. has incurred a loss of income.  And, Plaintiff K.M.B. has endured and will endure physical and mental pain and suffering, permanent impairment, and a loss of enjoyment of life.

## NEGLIGENCE

12.    The Plaintiff hereby incorporates and realleges each and every paragraph above as if set forth in full herein.

13.    Defendants failed to exercise reasonable, due care, and were negligent and reckless in selecting, recommending, and selling the ice bin to Bear Lake Ice, in providing technical advice to Bear Lake Ice as to incorporation of the ice bin with its ice bagging machine, as to advising Bear Lake Ice to make a field-made hopper to use under the ice bin, and in providing startup services.  It was reasonably foreseeable that employees of Bear Lake Ice would use the system with the unmated ice bin, as selected, recommend, sold, and witnessed, as occurred in this case.  And, despite knowing of the precise danger at issue, in terms of the ice bin being used with the ice bagging machine's exposed auger, i.e., despite knowing that the ice bagging machine was unsafe if used with anything other than a mated bin that sealed off the bagger's auger, Modern Ice, its employees, and agents,

negligently and recklessly failed to warn as to the probability of a critical injury from this unmated system.

14.     Said negligence and recklessness on the part of Defendants was a proximate cause of, directly resulted in, and/or was a substantial factor in causing the injuries sustained by Plaintiff K.M.B. and her resulting damages, for which they are liable.

<u>**DEMAND FOR ATTORNEY FEES**</u>

15.     As a result of the Defendants' conduct complained of herein, the Plaintiff has been required to retain the services of legal counsel to represent her interests in this matter.  Pursuant to Idaho Code §12-121, Rule 54 *et seq.* of the Federal Rules of Civil Procedure, and all other applicable laws and rules, Plaintiff is entitled to an award of reasonable attorney fees and costs incurred herein.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff prays for judgment against each of the Defendants as follows:

a.     A sum adequate to compensate her for all allowable general damages, including but not limited to past, present and future physical and mental pain and suffering, anguish, emotional distress, permanent disfigurement, impairment, and loss of enjoyment of life, in an amount to be determined at trial;

b.     A sum adequate to compensate her for special damages consisting of past, present, and future medical and related expenses, and incidental expenses, in

an amount unknown to the Plaintiff at this time but which sum shall be more readily ascertained at the trial of this matter;

     c.    A sum to compensate her for the past loss of income due to her inability to work during recovery in an amount unknown to the Plaintiff at this time but which sum shall be more readily ascertained at the trial of this matter;

     d.    Prejudgment interest to the Plaintiff;

     e.    Plaintiff's reasonable attorney fees and costs incurred in the prosecution of this action, or $10,000 should this matter proceed by default; and

     f.    Such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands, pursuant to F.R.C.P. 38, a trial by a jury on all issues properly tried to a jury in the above-entitled matter.

**DATED** this 15th day of August, 2018.

MAHONEY LAW, PLLC

By:_____/S/_____
          PATRICK E. MAHONEY
          Attorney for the Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL - 8